UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUANITA JACQUET                                               CIVIL ACTION

VERSUS                                                         CASE NO.19-1392

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Juanita Jacquet respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001 et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Juanita Jacquet**, of lawful age and a resident of St. Martinville, Louisiana is a plan participant and beneficiary of an ERISA plan created by her employer, Our Lady of Lourdes Women's & Children's Hospital and an insured participant of a group disability policy issued by The Prudential Insurance Company of America.

4. **Defendant, The Prudential Insurance Company of America ("Prudential")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Prudential is incorporated in Newark, New Jersey and its principal place of business is in the state of New Jersey.

5. Prudential issued a group policy insuring the employees of Our Lady of Lourdes Women's & Children's Hospital. The Plan granted the administrator, Prudential, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

1

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by Prudential.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. Prudential unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but Prudential upheld its previous decision.

12. Prudential's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Prudential's denial of benefits.

14. Prudential has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. Prudential has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. Prudential has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

17. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

18. Prudential has failed to give the policy and Plan a uniform construction and interpretation.

19. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. Prudential's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

24. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

25. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law. More specifically, the plan at issue in this case is subject to ERISA's church plan exception. As such, Plaintiff is entitled to an award of damages for Prudential's wrongful denial of her disability benefits as well as penalties under La. R.S. 22:1821, emotional distress damages, and any and all relief as the facts and law may provide.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

      Respectfully submitted,

      /s/ Reagan L. Toledano
      Willeford & Toledano
      Reagan L. Toledano (La. 29687)
      James F. Willeford (La. 13485)
      201 St. Charles Avenue, Suite 4208
      New Orleans, Louisiana 70170
      (504) 582-1286; (f) (313) 692-5927
      rtoledano@willefordlaw.com